13-2786-cv
*Greenberg v. Int'l Union*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand fourteen.

PRESENT:    RALPH K. WINTER,
            DENNY CHIN,
                    *Circuit Judges*,
            J. PAUL OETKEN,
                    *District Judge*.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

MARSHALL GREENBERG,
                    *Plaintiff-Appellant*,

            v.                                          13-2786-cv

INTERNATIONAL UNION OF OPERATING
ENGINEERS, LOCAL 14-14B,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*       The Honorable J. Paul Oetken, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:    JOHN J.P. HOWLEY, Law Offices of John Howley, New York, New York.

FOR DEFENDANT-APPELLEE:    JAMES M. STEINBERG (Joseph H. Green, *on the brief*), Brady McGuire & Steinberg, P.C., Tarrytown, New York.

Appeal from the United States District Court for the Eastern District of New York (Weinstein, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-appellant Marshall Greenberg appeals from a judgment entered June 13, 2013 in the United States District Court for the Eastern District of New York dismissing his claims against defendant-appellee International Union of Operating Engineers Local 14-14B (the "Union"). By written decision filed June 13, 2013, the district court granted the Union's motion for summary judgment as a matter of law, rejecting plaintiff's allegations that the Union breached its duty of fair representation. On appeal, Greenberg argues that the district court improperly resolved genuine issues of material fact against him when it granted defendant's motion for summary judgment. We assume the parties' familiarity with the facts, procedural history, and issues on appeal, which we reference only as necessary to explain our decision.

"We review a district court's grant of summary judgment *de novo* and "we will affirm the judgment only if there is no genuine issue as to any material fact, and if the moving party is entitled to a judgment as a matter of law." *Allianz Ins. Co. v. Lerner*,

416 F.3d 109, 113 (2d Cir. 2005). "In determining whether there are genuine issues of material fact, we are 'required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought.'" *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (quoting *Stern v. Trs. of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1997)).

To prevail on a "duty of fair representation claim, [a plaintiff] must demonstrate both (1) that [the employer] breached its collective bargaining agreement and (2) that [the union] breached its duty of fair representation." *Sanozky v. Int'l Ass'n of Machinists & Aerospace Workers*, 415 F.3d 279, 282 (2d Cir. 2005). A "union breaches the duty of fair representation when its conduct toward a member of the bargaining unit is arbitrary, discriminatory, or in bad faith." *Marquez v. Screen Actors Guild, Inc.*, 525 U.S. 33, 44 (1998) (citing *Vaca v. Sipes*, 386 U.S. 171, 190 (1967)). However, "a union's actions are arbitrary only if, in light of the factual and legal landscape at the time of the union's actions, the union's behavior is so far outside a 'wide range of reasonableness,' . . . as to be irrational." *Air Line Pilots Ass'n, Int'l v. O'Neill*, 499 U.S. 65, 67 (1991) (citation omitted).

Here, the district court properly determined that Greenberg failed to establish triable issues of fact with respect to his claim that the Union breached its duty of fair representation. Greenberg "acknowledges that his only claim against the Union arises from its failure to take any action on his behalf when he sought to be reinstated to

the site in May 2009, when he was taken off administrative leave." J. App. at 190.

Greenberg had been working for Bovis Lend Lease LMB, Inc. ("Bovis") as a hoist operator at the south side shaft at the Deutsche Bank building when he was placed on administrative leave. In May 2009, Bovis stopped paying him administrative leave when the south side hoist was taken out of operation. As the district court noted, it was "undisputed that by May 2009 his former position as hoist operator for the southside shaft was no longer available since the shaft had been taken down." J. App. at 1278. Moreover, Article IX, section 1 of the Union's bylaws provided that a member had a claim to a job "[o]n building work and steel jobs, . . . on the tower, *shaft*, derrick or crane *where the engineer had been hoisting*." Art. IX, § 1(d), Union Bylaws (emphasis added). Thus, the Union "could not advocate for plaintiff's job reinstatement because the job for which he had a claim under the [U]nion by-laws no longer existed." J. App. at 1278. The district court found "no evidentiary basis to infer that the [U]nion's decision was arbitrary or in bad faith, or that its rationale was a pretext for retaliation." *Id.*

Greenberg specifically alleges that the Union agreed that he would be hired to work on the north side shaft and that he would remain employed so long as that shaft was operational. He also contends that the Union promised him that he would be the second to last engineer removed from the site. Even if these allegations are accepted as true, they do not present a genuine issue for trial with respect to the claims before the Court. According to Greenberg, the Union made these assurances, not

-4-

Bovis.  Importantly, the duty of fair representation arises when the union, employee and employer are involved.  *See Price v. Int'l Union, United Auto., Aerospace & Agr. Implement Workers of Am.*, 927 F.2d 88, 90 (2d Cir. 1991) (finding that union's duty of fair representation was not implicated in employee-union dispute).  Thus, a matter that only involves "the relationship between the union and its members and does not also involve the employer is viewed as an internal union matter that does not give rise to a duty of fair representation." *Ass'n of Contracting Plumbers v. Local Union No. 2*, 841 F.2d 461, 469 (2d Cir. 1988) (internal quotation marks omitted).  In addition, as the district court noted, Greenberg did not exhaust his internal union remedies, as required by the Union's bylaws and constitution.

We have considered Greenberg's remaining arguments and conclude they are without merit.  For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk